PREET BHARARA
United States Attorney for the
Southern District of New York
By: CRISTINE IRVIN PHILLIPS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Telephone:  (212) 637-2696

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DENISE BARNETT,

       Movant,

       v.                                 No. 12 MISC 365/366 (VB)

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,
OFFICE OF INSPECTOR GENERAL,

       Respondent.
------------------------------------------------------------x

## GOVERNMENT'S OPPOSITION TO MOTIONS TO QUASH

Respondent, the Office of the Inspector General, United States Department of Housing and Urban Development ("HUD-OIG" or the "Government") respectfully submits its opposition to the two motions to quash (the "Motions") filed by Movant Denise Barnett ("Movant" or "Ms. Barnett") pursuant to the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. §§ 3401-3422.[1]  Ms. Barnett seeks to quash two administrative subpoenas (the "Subpoenas") seeking her personal financial information, issued by HUD-OIG to Bank of America and HSBC, respectively.  The Government respectfully requests that the Court deny the Motions because, as

---

[1] As set forth in greater detail herein, the subpoenas at issue seek identical information from two different banks.  Ms. Barnett's motions to quash those subpoenas are identical, and the legal bases for the Government's opposition to those motions are also identical.  For the sake of efficiency, therefore, the Government submits this single opposition in response to both motions [Docket Nos. 12-MISC-365 and 12-MISC-366].

set forth herein and in the Declaration of Special Agent Stephen Huvane (the "Huvane Declaration") and the Supplemental Declaration of Special Agent Stephen Huvane submitted *ex parte* and *in camera* (the "Supplemental Huvane Declaration"), which describe the relevant HUD-OIG investigation, there is a demonstrable reason to believe that the investigation is legitimate and Ms. Barnett has failed to meet her *prima facie* burden of demonstrating that the Subpoenas are improper. In fact, as detailed in the Supplemental Huvane Declaration, HUD-OIG has ample bases for its belief that the records sought are relevant to its investigation.

**I.     BACKGROUND**

The United States Department of Housing and Urban Development ("HUD") insures mortgage loans for multifamily properties under its "Section 221" program, authorized by Section 221 of the National Housing Act, as amended, codified at 12 U.S.C. § 1715l. This program assists private industry in the construction or rehabilitation of rental and cooperative housing for moderate-income and displaced families by insuring the financing of such projects, thereby making capital more readily available. *See* 12 U.S.C. § 1715l. Specifically, the Federal Housing Administration, a division of HUD, insures lenders against loss on mortgage defaults. *See id.* The Section 221 program is governed by regulations at 24 CFR 221.501 and 24 CFR Part 220, with additional guidance provided by HUD Handbook 4560.01.

Denise Barnett, along with her husband Michael Barnett, is a principal and managing member of Vineyard Commons Holdings, LLC, which owns Vineyard Commons, multifamily housing located in Highland, New York. *See* Huvane Decl. ¶ 4. In July 2009, HUD committed to insure a mortgage loan of up to $46,545,000 (the "Loan Funds") for the construction of Vineyard Commons (the "Vineyard Commons Project"), pursuant to Section 221(d)(4), *see* 12 U.S.C. § 1715l(d)(4), as well as an Agreement and Certification, signed by Ms. Barnett as

managing member of Vineyard Commons Holdings, LLC.  *See* Huvane Decl. ¶¶ 5-6; Agreement and Certification, attached as Exhibit 1 to Huvane Decl.  In her capacity as managing member of Vineyard Commons Holdings, LLC, Ms. Barnett also signed a Regulatory Agreement covering the Vineyard Commons Project.  *See* Huvane Decl. ¶ 7; Regulatory Agreement, attached as Exhibit 2 to Huvane Decl.  Vineyard Commons was constructed in 2009-2010 utilizing funding from the HUD-insured loan.  *See* Huvane Decl. ¶ 8.

Subsequent to the completion of Vineyard Commons, HUD-OIG commenced an investigation regarding possible misuse of the Loan Funds during the Vineyard Commons Project.  *See id.* ¶ 9.  That investigation, led by HUD-OIG Special Agents Stephen Huvane and William Martinez, is ongoing.  *See id.* ¶ 13.

HUD-OIG believes that Ms. Barnett's personal financial records contain evidence relevant to the investigation.  *See* Huvane Decl. ¶ 10.  Accordingly, on October 22, 2012, OIG Special Agent Stephen Huvane served the Subpoenas, seeking certain records from Ms. Barnett's bank accounts at Bank of America and HSBC.  *See* Huvane Decl. ¶ 11; Subpoenas to Bank of America and HSBC, attached as Exhibits 3 and 4 to the Huvane Decl.  The Subpoenas complied with the RFPA, which directs a Government authority issuing an administrative subpoena for an individual's financial records to serve a copy of that subpoena on the individual, along with notice of the individual's right to challenge the request and procedures for effecting the challenge.  *See* 12 U.S.C. § 3405(2).  In response to that notice, Ms. Barnett filed the instant Motions, along with a sworn statement in support.  *See* Motions, 12-mc-365 [Dkt. No. 1] and 12-mc-366 [Dkt. No. 1].  Ms. Barnett's sole proffered basis for her request that the Court quash the Subpoenas, as stated in each of her sworn statements, is that "there is no basis to suspect that I am or was involved in possible embezzlement of Government funds."  *See id.* at 2.

## II.     ARGUMENT

### A.     Legal Standard

Where a customer challenges an administrative subpoena under Section 3410 of the RFPA, the Court "shall" deny the challenge if it finds "that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c); *see also Feiner v. SEC*, No. 12-MC-0354 (KMK), 2012 WL 5511003, 2012 U.S. Dist. LEXIS 162769, at *5 (S.D.N.Y. Nov. 13, 2012) (noting that the Court's review of a movant's challenge to a subpoena under the RFPA is "limited"). "[T]he Court must consider, first, whether there is a demonstrable basis to believe that the [agency] is pursuing a legitimate inquiry and, second, whether the [agency] has a reasonable belief that the requested documents are relevant to that inquiry." *Feiner*, 2012 U.S. Dist. LEXIS 162769, at *6.

With respect to the first part of the Court's analysis, namely whether the agency is pursuing a legitimate inquiry, "[a]n investigation is legitimate if it is one the agency is authorized to make and is not being conducted solely for an improper purpose such as political harassment or intimidation or otherwise in bad faith." *Pennington v. Donovan*, 574 F. Supp. 708, 709 (S.D. Tex. 1983).

With respect to the second part of the analysis, whether the agency has a reasonable belief that the requested documents are related to the inquiry, the burden rests first with the movant to "show a factual basis" for her conclusion that the records are irrelevant. *In re SEC Private Investigation/Application of John Doe re Certain Subpoenas* ("*John Doe*"), No. M8-85 (MBM), 1990 WL 119321, 1990 U.S. Dist. LEXIS 10460, at *4 (S.D.N.Y. Aug. 10, 1990). If the movant satisfies that burden, the agency "is not required to show that the records *are*

4

*relevant*, but rather that there is a reasonable belief that the records sought are relevant." *Feiner*, at *7-8 (emphasis in original) (internal citations and quotes omitted). "What need be shown is not probable cause, but a good reason to investigate." *John Doe*, at *6; *see also Feiner*, at *9 ("This is not a high burden . . . ."). Furthermore, "[i]n enforcing administrative subpoenas, courts broadly interpret relevancy, and the relevance of the sought-after information is measured against the general purposes of the agency's investigation." *NLRB v. Am. Med. Response, Inc.*, 438 F.3d 188, 193 (2d Cir. 2006).

      **B.**    **The Subpoenas Satisfy the RFPA and Should Not Be Quashed**

            **1.**    **HUD-OIG Is Pursuing a Legitimate Law Enforcement Inquiry**

The RFPA defines "law enforcement inquiry" as "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto." 12 U.S.C. § 3401(8). Here, as stated in the Huvane Declaration as well as the Subpoenas themselves, HUD-OIG seeks the relevant financial records in connection with an investigation of potential misuse of the Loan Funds in the Vineyard Commons Project. *See* Huvane Decl. ¶¶ 9-11. The investigation of fraud and abuse in HUD programs and the issuance of subpoenas, including the Subpoenas at issue, are authorized by the Inspector General Act, 5 U.S.C. App. 3 §§ 2(1), (2), 6(a)(4). *See United States v. Morton Salt Co.,* 338 U.S. 632, 642-43 (1950) (noting that an Inspector General is authorized to begin an audit or take other investigatory steps "merely on suspicion that the law is being violated, or even just because its wants assurances that it is not"). Indeed, investigating fraud and abuse of HUD programs is a core function of HUD-OIG. *See* Huvane Decl. ¶ 3.

5

This investigation is legitimate as it is within the authority of HUD-OIG and is being carried out to examine potential abuse of the Section 221 program.[2]  Furthermore, Movant does not challenge the legitimacy of the investigation itself; rather, she simply claims that her bank records should not be part of it.  *See* Motions at 2; *see also Mackey v. SEC*, No. 3:96-mc-407, 3:96-mc-415, 1997 WL 114801, 1997 U.S. Dist. LEXIS 24000, at *5 (D. Conn. Feb. 21, 1997) (finding the relevant investigation to be legitimate where the agency was authorized to conduct it and the movant did not challenge its legitimacy); *Pennington*, 574 F. Supp. at 709 (an investigation is legitimate unless there is bad faith or an improper purpose).

### 2.   The Records Sought by the Subpoenas Are Relevant to HUD-OIG's Legitimate Law Enforcement Inquiry

#### a.   The Movant Fails to Establish a Prima Facie Case of Impropriety

"'The relevant legislative history'" of the RFPA "'is clear in its intention to require adjudication of a customer's motion only when his affidavit presents a *prima facie* case of impropriety.'"  *John Doe*, 1990 U.S. Dist. LEXIS 10460, at *4 (quoting *Hancock v. Marshall*, 86 F.R.D. 209, 211 (D.D.C. 1980)).  Here, there has been no such showing.  The Movant's pleadings provide only one basis for her objection to the Subpoenas:  her claim that she did not embezzle any funds.  The Movant does not and cannot claim, however, that she was not centrally involved in the Vineyard Commons Project.  Indeed, Ms. Barnett was a principal and the managing member of Vineyard Commons Holding, LLC, *see* Huvane Decl. ¶¶ 4, 6, and in that capacity was a signatory to two agreements that governed HUD's insurance of the relevant loan.  *See* Exhibits 1 and 2.  Her profession of innocence is not relevant to the instant analysis where

---

[2] Further descriptions of the nature of the investigation, including the events precipitating it and the evidence gathered to date by Special Agents Huvane and Martinez, are provided in the Supplemental Huvane Declaration.

she fails to provide a factual basis for her claim that the records are not relevant. *See Feiner*, at *8 (denying a motion to quash where "Movant has not asserted any basis for concluding that the records . . . are irrelevant"). The Motions should fail for this reason.

### b. HUD-OIG Has Demonstrated a Reasonable Basis for Its Belief That the Records are Relevant

Even assuming for the sake of argument that Ms. Barnett has met her burden of establishing a *prima facie* case that the Subpoenas are improper, the Motions still should be denied because the Government has provided more than sufficient justification for its belief that the records sought are relevant to its investigation of potential misuse of funds during the Vineyard Commons Project. *See John Doe*, at *6 ("What need be shown is not probable cause, but a good reason to investigate."). As set forth in the Supplemental Huvane Declaration, submitted *in camera*, facts obtained during the investigation have led HUD-OIG to believe that Ms. Barnett's financial records contain relevant evidence. Even without a detailed understanding of the investigation, however, it is entirely reasonable to believe that the personal financial records of a business principal are relevant to an embezzlement investigation. *See Mackey*, 1997 U.S. Dist. LEXIS 24000, at *7 ("Information sought pursuant to an agency subpoena is relevant if it touches a matter under investigation.") (internal citations and quotes omitted). Given Ms. Barnett's involvement in the Vineyard Commons Project, and particularly in light of the facts provided *ex parte* and *in camera* to the Court regarding the investigation, HUD-OIG has sufficiently demonstrated that it has good reason to seek Ms. Barnett's bank records. *See John Doe*, at *6 ("By showing that plaintiff has a connection to activity it is charged to investigate, the [agency] has shown reason for a belief that the bank records it seeks here contain relevant information.").

**CONCLUSION**

      For all of the foregoing reasons, the Court should deny the Motions.

Dated:    New York, New York                         Respectfully submitted,
             December 6, 2012

                                                  PREET BHARARA
                                                  United States Attorney for the
                                                  Southern District of New York

                                    By:     s/ Cristine Irvin Phillips
                                                  CRISTINE IRVIN PHILLIPS
                                                  Assistant United States Attorney
                                                  86 Chambers Street, 3d Floor
                                                  New York, New York 10007
                                                  Tel.: (212) 637-2696
                                                  Fax: (212) 637-2702
                                                  E-Mail: cristine.phillips@usdoj.gov

CERTIFICATE OF SERVICE

      I, CRISTINE IRVIN PHILLIPS, an Assistant United States Attorney for the Southern District of New York, hereby certify that on December 6, 2012, I caused a copy of the foregoing Government's Opposition to Motions to Quash, along with declarations and exhibits in support thereof, to be served by electronic mail upon the following:

      Kevin Harrington, Esq.
      Harrington Ocko & Monk, LLP
      81 Main Street, Suite 215
      White Plains, NY  10601
      *Counsel for Denise Barnett*

Dated:  New York, New York
        December 6, 2012

      By:   s/Cristine Irvin Phillips
          CRISTINE IRVIN PHILLIPS
          Assistant United States Attorney